IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Susan Stawaisz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:11-cv-3519-JMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 41], filed August 16, 2013, regarding *pro se* Plaintiff Susan Stawaisz's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). Plaintiff filed the instant action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. § 405(g). The Magistrate Judge concluded that the Administrative Law Judge ("ALJ") did not apply the proper legal standards at step three of the sequential evaluation process. *Id.* at 20. Accordingly, the Magistrate Judge recommends that the court reverse and remand the Acting Commissioner's final decision. *Id.* at 22.

For the reasons set forth below, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report. The Acting Commissioner's final decision is **REVERSED** and **REMANDED.**

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the factual summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the relevant factual and procedural background in this case is warranted.

Plaintiff filed an application for DIB on April 16, 2009, regarding a disability which she alleged began on August 29, 2006. (Tr. 15). Plaintiff's application was denied initially and again upon reconsideration by the Acting Commissioner. [Dkt. No. 41 at 1]. On May 17, 2011, Plaintiff had a hearing before an ALJ. *Id.* at 2. On June 20, 2011, the ALJ found that Plaintiff was not disabled. *Id.* The ALJ found that Plaintiff had the following severe impairments: Sjögrens syndrome, cervical spondylosis, lumbar degenerative disc disease, morbid obesity, and fibromyalgia. *Id.* The ALJ concluded that Plaintiff had a residual functional capacity ("RFC") to perform light work with the following specifications:

> [Plaintiff is] limited to frequent (two-thirds of an 8-hour workday) climbing of stairs/ramps, balancing, stooping, kneeling, crouching, crawling, and reaching overhead. She was limited to only occasional overhead work. She was precluded from climbing ladders, ropes, and scaffolds, and from concentrated exposure to extreme cold or heat, unprotected heights, and hazardous machinery.

(Tr. 17).

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Acting Commissioner, denying her claim for DIB. [Dkt. No. 41 at 3]. The Magistrate Judge reviewed Plaintiff's case and provided the Report to the court. [Dkt. No. 41]. In the Report, the Magistrate Judge found that the ALJ failed to perform a proper analysis at step three of the sequential evaluation process for

determining whether an individual is disabled. *Id.* at 20-21. The Acting Commissioner and Plaintiff filed objections to the findings of the Report. [Dkt. Nos. 44 and 45].

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).

3

"[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe her arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

**Step Three Listing Analysis**

Plaintiff contends the ALJ did not properly consider her Sjögrens syndrome which is a listed impairment under Section 14.10 of 20 C.F.R. Part 404, Subpart P, Appendix 1. [Dkt. No. 41 at 4, 19]. The Magistrate Judge agreed finding there was factual support in the record for the listing and thus the ALJ erred by not providing a full analysis for why Plaintiff's symptoms did not equal a listing. *Id.* The Acting Commissioner responds that Plaintiff did not meet her burden of showing her impairment matches the specific medical criteria of the listing and that remand is unnecessary where it would have no practical effect on the case's outcome. [Dkt. No. 44 at 1-2]. The Acting Commissioner also contends that the record does not support a finding of Sjögrens syndrome at the level of severity required by the listing. *Id.* at 2.

Listing 14.10 details the evidence plaintiffs must establish for an ALJ to find their Sjögrens syndrome is of the severity required by the listing. The plaintiff must show:

   A. Involvement of two or more organs/body systems, with:
        1. One of the organs/body systems involved to at least a moderate level of severity; and
        2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
   or

> B. Repeated manifestations of Sjögrens syndrome, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
> 1. Limitation of activities of daily living.
> 2. Limitation in maintaining social functioning.
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.10(A).

The ALJ provided essentially no analysis for step three, stating, simply, "Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments." (Tr. 17). However, the Fourth Circuit has held that where substantial evidence at a different step supports the ALJ's finding at step three, notwithstanding the cursory explanation, the ALJ's decision should be upheld. *Smith v. Astrue,* 457 Fed. Appx. 326, at *328 (4th Cir. Dec. 14, 2011).

At step four the ALJ made several findings that are inconsistent with a conclusion that Plaintiff's Sjögrens syndrome met the severity requirements of Listing 14.10. The only two constitutional symptoms Plaintiff suffered, based on the court's review of the record, were severe fatigue and malaise.[1] The ALJ discounts Plaintiff's reports of severe fatigue citing her ability to "carry out a broad range of light and sedentary daily activities". (Tr. 19). The ALJ similarly diminishes Plaintiff's claims relating to malaise (bodily discomfort and pain) finding that Plaintiff's pain is effectively managed by her medication and that the pain does not prevent Plaintiff from engaging in her regular lifestyle and activities. *Id.* Listing

---

[1] Malaise is defined as "frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.00(C)(2).

5

14.10 makes clear that absent a conclusion that Plaintiff has two constitutional symptoms, the ALJ cannot make a finding that Plaintiff suffers from Sjögrens syndrome at the level of severity required by the listing.

Therefore, because the ALJ provided substantial evidence at step four that Plaintiff did not meet the prerequisites for a finding under Listing 14.10, the court upholds the ALJ's step three conclusion.

**Treating Physician's Opinion**

Plaintiff argues that the ALJ failed to properly consider the opinion of her treating physician Dr. Swanthri DeSilva in making an RFC determination. [Dkt. No. 33 at 51-53]. In September 2006, Dr. DeSilva noted that Plaintiff suffered from fatigue, lethargy, difficulty focusing, and multiple joint pain. (Tr. 415). In November 2006, the physician found Plaintiff suffered from fatigue, stiffness, and headaches among other troubles. (Tr. 417). In January 2008, Dr. Silva found Plaintiff had difficulty concentrating and was restricted from bending, stooping, and crouching. (Tr. 430). In May of 2008, Dr. DeSilva reiterated Plaintiff's problems with concentration and found she could only sit and stand for 20 to 30 minute durations. (Tr. 432). She concluded that Plaintiff's prospect of returning to work was poor. *Id.*

Ordinarily, a treating physician's opinion is entitled to great weight. *See Mastro v. Apfel,* 270 F.3d 171, 178 (4th Cir. 2001); 20 C.F.R. § 416.927. Where the treating physician's findings are "well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in the record", the ALJ must grant it controlling weight. *Id.;* SSR 96-2P, 1996 WL 374188 (July 2, 1996). However, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro,* 270 F.3d at 178; 20 C.F.R. § 416.927. When the ALJ decides

6

against granting controlling weight to the treating source's opinion, the ALJ must consider a set of factors, namely: the length, nature, and extent of the treatment relationship; the frequency of examination; the supportability of the physician's opinion; the extent to which the opinion is consistent with the record; and whether the treating physician is a specialist for the medical issue involved.   20 C.F.R. § 404.1527(c)(2).   Additionally, the ALJ's decision must provide an explanation with solid reasoning for reducing the weight of a treating physician's opinion.  SSR 96-2P, 1996 WL 374188 (July 2, 1996).  The Social Security Regulations state, in relevant part:

> [The ALJ's] decision must contain specific reasons for the weight given to the treating source's medical opinion…and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Id.*

The ALJ gave little weight to Dr. Silva's opinions.  (Tr. 20).  She explained this decision by noting, "[H]is treatment notes do not support the degree of limitation indicated."  (Tr. 20). The ALJ concluded, "It appears that Dr. Silva provided these assessments to support the claimant's initial claim and ongoing pursuit of long-term disability payments from Unum."  *Id.* The ALJ also wrote that Dr. DeSilva's findings regarding Plaintiff's degree of limitation were not supported by objective medical evidence.  (Tr. 22).  These conclusory justifications fall short of providing a reviewing court sufficient insight into the ALJ's reasoning for giving little weight to the opinion of a treating physician, specifically as it relates to Plaintiff's difficulties with fatigue and concentration.  The ALJ found that Plaintiff's account of her daily activities and lifestyle was inconsistent with Dr. DeSilva's opinion.  *Id.*  Yet, Plaintiff's testimony reiterated her inability to perform activities for more than a 30-minute duration.  She can read for up to half an hour.  (Tr. 57).  She can perform yard work in 20-minute increments, (Tr. 59), and walk for twenty minutes before she becomes tired, (Tr. 62).  She does her chores a little at a time.  (Tr.

7

63). And while Plaintiff performs activities on her computer and watches TV, as Plaintiff contends, she's "really just not doing anything other than looking at things". (Tr. 61). The court will not conclude from Plaintiff's leisure activities that her treating physician's opinion of fatigue and concentration issues is unsupported. *Cf. Hughes v. Astrue,* 705 F.3d 276, 278-79 (7th Cir. 2013) (explaining the unacceptable failure of ALJs to recognize the differences between activities of daily living and a full-time job).

Since the ALJ's discussion of Dr. Silva's opinion failed to comply with the Social Security Regulations, the court remands the action for proper consideration of the opinion in Plaintiff's RFC determination. To the extent that proper weighing of the treating physician's opinion compromises the substance of the evidence at step three, the court further directs the ALJ to reconsider its listing conclusion.

**Plaintiff's Obesity**

Plaintiff argues that the ALJ failed to adequately consider her severe impairment of obesity. [Dkt. No. 33 at 56]. Plaintiff notes that while the ALJ listed obesity in her findings, the ALJ did not offer further discussion in her analysis. *Id.* at 58. The court finds that the ALJ's purported error in not explicitly addressing Plaintiff's obesity is harmless. Plaintiff does not provide adequate support for the court to find her RFC conflicts with the impairment of obesity, and such support is not apparent from the record. *Shinseki v. Sanders,* 556 U.S. 396, 409-10 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

**Plaintiff's Request for Immediate Award of Benefits**

Plaintiff asks the court to remand for an immediate award of benefits. [Dkt. No. 45]. Such a request is only granted where the court concludes it is impossible for the ALJ to find that

Plaintiff is not entitled to DIB. *Good v. Astrue,* 775 F. Supp. 2d 840, 852 (D.S.C. 2010). Because the court does not have sufficient basis from which to draw such a conclusion, the court denies Plaintiff's request.

## CONCLUSION

For the foregoing reasons, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation [Dkt. No. 41]. The court **REVERSES** the Acting Commissioner's decision denying benefits, and remands under 42 U.S.C. § 405(g) for proper consideration of the opinion of Plaintiff's treating physician.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

September 12, 2013
Greenville, South Carolina